Scott E. Radcliffe, (CA BAR NO. 278098)
**ALVES RADCLIFFE LLP**
2377 Gold Meadow Way, Suite 100
Gold River, California 95670
T: (916) 333-3375
E: sradcliffe@alvesradcliffe.com

Attorneys for Plaintiff
OTTO ARCHIVE, LLC

# IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUGUST IMAGE, LLC, | Civil Action No. 2:23-cv-02771 |
| V. | **COMPLAINT** |
| WACOW MEDIA, | |
| Defendant. | |

   Plaintiff OTTO August Image, LLC ("<u>Plaintiff</u>") sues defendant WaCow Media ("<u>Defendant</u>"), and alleges as follows:

## <u>THE PARTIES</u>

   1.   Plaintiff is a limited liability company organized and existing under

the laws of the State of New York with its principal place of business located in New York, NY.

2.    Defendant is a corporation organized and existing under the laws of the State of California with its principal place of business located at 1216 S Garfield #203 Alhambra, CA 91801. Defendant's agent for service of process is Kenneth Lin, 2275 Huntington Dr. #853 San Marino, CA 91108.

## JURISDICTION AND VENUE

3.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4.     This Court has personal jurisdiction over Defendant because it has maintained sufficient minimum contacts with California such that the exercise of personal jurisdiction over it would not offend traditional notions of fair play and substantial justice.

5.     Venue properly lies in this district pursuant to 28 U.S.C. § 1400(a) because Defendant or its agent reside or may be found in this district.  "The Ninth Circuit has interpreted Section 1400(a) to mean that venue is proper in any judicial district in which the defendant would be amenable to personal jurisdiction."  Righthaven LLC v. Inform Techs., Inc., No. 2:11-CV-00053-KJD-LRL, 2011 U.S. Dist. LEXIS 119379, at *8 (D. Nev. Oct. 14, 2011) (citing Brayton Purcell LLP v. Recordon & Recordon, 606 F.3d 1124, 1128 (9th Cir. 2010)).

## FACTS

**I.    Plaintiff's Business**

6.    From its offices in New York City and London, Plaintiff represents (all around the world) over 100 of some of the most creative and innovative contemporary photographers working today.

7.    Plaintiff boasts a wide collection of portrait, lifestyle, beauty, and fashion photography for editorial and commercial licensing. Some of Plaintiff's image collection and a list of the photographers it represents is available on its website (at https://www.augustimage.com/).

8.    Plaintiff sets itself apart from others because it is knowledgeable about its exclusive images and strives to provide a high level of customer satisfaction. In order to make its rights managed collection available to its clients, Plaintiff has spent years to secure the relationships, information and team to efficiently acquire the releases as necessary.

**II.    The Work at Issue in this Lawsuit**

9.    Danielle Levitt, Michelangelo di Battista, Noe DeWitt, Mark Williams, Sara Hirakawa, and Mark Seliger are some of the many photographers represented by August Image, LLC (see https://www.augustimage.com/Photographers).

10.    Danielle Levitt is a photographer and film director who has two

decades of work documenting celebrity, music, fashion, and art.  Ms. Levitt's unique ability to create connections has allowed her to break down barriers and exude agency and intimacy in her work.  Based in New York and Los Angeles, Ms. Levitt has strong cultural ties in both cities which impacts her projects, including her innovative process.  Ms. Levitt's work can be viewed on her professional website (at https://www.daniellelevitt.com/).

11.    Noe DeWitt is an American photographer and travel blogger. Mr. Dewitt was inspired by his uncle's fashion photography and his grandfather's industrial and World War II photographs. His editorial, catalog, and advertising clients include Architectural Digest, Travel + Leisure, Men's Journal, Sperry, Men's Vogue, Timberland Boot Co., and DKNY Kids to name a few. His work can be viewed on his professional website (at https://noedewitt.com/).

12.    Mark Williams and Sara Hirakawa are a married couple. They initially pursued individual careers as professional photographers, but decided to merge after their wedding in 2003. Since moving to Los Angeles, they have worked with clients including Neiman Marcus, Target, Vanity Fair, Rolling Stone, Vogue Japan, and Capital Records to name a few. Their work can be viewed on their professional website (at http://www.williamshirakawa.com/).

13.    Mark Seliger became the Chief Photographer for Rolling Stone between the years 1992-2002, where he shot over 175 covers. Most of his work

can be seen in Vanity Fair, Italian Vogue, Harper's Bazaar, Elle and other magazines. He also does advertising work for Adidas, Anheuser-Busch, Levi's, McDonald's, Netflix, Ralph Lauren, Ray-Ban and more. He is the recipient of many esteemed awards like Alfred Eisenstaedt Award, Lucie Award, Clio Grand Prix, Cannes Lions Grand Prix, The One Show, ASME, SPG, the Texas Medal of Arts Award, and has works exhibited in museums and galleries around the world, like the National Portrait Gallery at the Smithsonian Institution in Washington, D.C., the Museum of Fine Arts in Houston, and the National Portrait Gallery in London. His work can be viewed on his professional website (at https://www.markseliger.com).

14.     Michelangelo di Battista is a London-based fashion photographer who completed his formal art education in Milan and gained his grounding in photography and imagery at the School of Visual Arts in New York City. He has worked with many prestigious names in the fashion and beauty industry such as Versace, Etro, Maybelline, L'Oreal, Givenchy, Lacoste, and Hugo Boss to name a few. His contributions to print publications include *Italian Vogue*, *German Vogue, Japanese Vogue, Chinese Vogue, and Harpers Bazaar*. A specialty of Mr. di Battista's is his portraits of women that blur the lines between fashion photography, drawing, and painting.

### A.    The Levitt Photograph

15.    In 2013, Ms. Levitt created a professional photograph of the Big Gay Ice Cream Shop in New York titled "AU1382768" (the "Levitt Photograph"). A copy of Levitt Photograph is exhibited below:



16.    The Levitt Photograph was registered by Ms. Levitt with the Register of Copyrights on March 15, 2022 and was assigned Registration No. VA 2-295-284.

17.    Ms. Levitt is the owner of the Levitt Photograph and has remained the owner at all times material hereto. A true and correct copy of the Certification of Registration pertaining to the Levitt Photograph is attached hereto as **Exhibit "A."**

18.    For all times relevant to this action, Plaintiff has been appointed as the exclusive administrator and publisher of all copyright rights in and to the Levitt Photograph.  As such, Plaintiff is entitled to institute and maintain this action for copyright infringement.  See 17 U.S.C. § 501(b).

**B.    *The DeWitt Photographs***

19.    In 2013, Mr. DeWitt created a series of professional photographs of actor Scott Eastwood (Clint Eastwood's son) titled "AU11324111", "AU11324170", "AU11324163", "AU11324132", "AU11324136", and "AU11324171" (collectively, the "DeWitt Photographs"). Copies of the DeWitt Photographs are exhibited below:





20.    The DeWitt Photographs were registered by Mr. DeWitt with the Register of Copyrights on January 29, 2021 and were assigned Registration No.

VA 2-234-975.

21.    Mr. DeWitt is the owner of the DeWitt Photographs and has remained the owner at all times material hereto. A true and correct copy of the Certification of Registration pertaining to the DeWitt Photographs is attached hereto as **Exhibit "B."**

22.    For all times relevant to this action, Plaintiff has been appointed as the exclusive administrator and publisher of all copyright rights in and to the DeWitt Photographs.  As such, Plaintiff is entitled to institute and maintain this action for copyright infringement.  See 17 U.S.C. § 501(b).

C.    *The Williams/Hirakawa Walking Dead Photographs*

23.    In 2014, Mr. Williams and Mrs. Hirakawa created a series of professional photographs of actors Steven Yeun and Lauren Cohan (from The Walking Dead) titled "AU11037005", "AU11036919", "AU11037004", "AU11037003", "AU11037007", and "AU11037006" (collectively, the "Williams/Hirakawa Walking Dead Photographs"). Copies of the Williams/Hirakawa Walking Dead Photographs are exhibited below:





24.    The Williams/Hirakawa Walking Dead Photographs were registered by Mr. Williams and Mrs. Hirakawa with the Register of Copyrights on July 25, 2022 and were assigned Registration No. VA 2-310-566.

25.    Mr. Williams is the owner of the Williams/Hirakawa Walking Dead Photographs and has remained the owner at all times material hereto. A true and correct copy of the Certification of Registration pertaining to the Williams/Hirakawa Walking Dead Photographs is attached hereto as **Exhibit "C."**

26.    For all times relevant to this action, Plaintiff has been appointed as the exclusive administrator and publisher of all copyright rights in and to the Williams/Hirakawa Walking Dead Photographs.  As such, Plaintiff is entitled to institute and maintain this action for copyright infringement.  See 17 U.S.C. § 501(b).

**D.    The Williams U.S. Soccer Photographs**

27.    In 2013, Mr. Williams created a professional photograph of race car

driver Courtney Force posing for ESPN The Magazine's "The Body" segment titled "AU11034218" and a professional photograph of the US Women's National Soccer Team star Ali Krieger posing for ESPN The Magazine's "The Body" segment titled "AU11034740" (collectively, the "<u>Williams U.S. Soccer Photographs</u>"). Copies of the Williams U.S. Soccer Photographs are exhibited below:



28.    The Williams U.S. Soccer Photographs were registered by Mr. Williams with the Register of Copyrights on September 13, 2017 and were assigned Registration No. VA 2-107-243.

29.    Mr. Williams is the owner of the Williams U.S. Soccer Photographs and has remained the owner at all times material hereto. A true and correct copy of the Certification of Registration pertaining to the Williams U.S. Soccer Photographs is attached hereto as **Exhibit "D."**

30.    For all times relevant to this action, Plaintiff has been appointed as the exclusive administrator and publisher of all copyright rights in and to the Williams U.S. Soccer Photographs.  As such, Plaintiff is entitled to institute and maintain this action for copyright infringement.  <u>See</u> 17 U.S.C. § 501(b)

**E.    *The Seliger Photograph***

31.    In 1995, Mr. Seliger created a professional photograph of the cast of the TV show Friends titled "AU2164434" (the "<u>Seliger Photograph</u>"). A copy of the Seliger Photograph is exhibited below:



32.    The Seliger Photograph was registered by Mr. Seliger with the Register of Copyrights on February 5, 2020 and was assigned Registration No.

VA 2-196-874.

33.    Mr. Seliger is the owner of the Seliger Photograph and has remained the owner at all times material hereto. A true and correct copy of a printout from the Copyright Office with respect to the registration of the Seliger Photograph is attached hereto as **Exhibit "E."**

34.    The Levitt Photograph, DeWitt Photographs, Williams/Hirakawa Walking Dead Photographs, Williams U.S. Soccer Photographs, and Seliger Photograph are collectively referred to herein as the "Work."

## III.    Defendants' Unlawful Activities

35.    Defendant a digital media platform that specializes in native advertisement, social media promotion, content production, and marketing for the Asian American market.

36.    Defendant advertises/markets its business primarily through its website        (https://wacowla.com/),        social        media        (e.g. https://www.facebook.com/wacowfanpage                                and https://www.linkedin.com/company/wacow-media/),    and    other    forms    of advertising.

37.    On multiple dates prior to the above-referenced photographers' copyright registration of the Work (excluding the Seliger Photograph), Defendant published the photographs comprising the Work (excluding the Seliger

Photograph) on its website (including but not limited to https://wacowla.com/blog/2014/03/13/big-gay-ice-cream-la-open-soon/2/;

https://wacowla.com/blog/2013/09/19/scott-eastwood/2/;

https://wacowla.com/blog/2014/04/07/steven-yeun-lauren-cohan-fashion-photo/):











38.   On a date after Mr. Seliger's above-referenced copyright registration of the Seliger Photograph, Defendant published the Seliger Photograph on its Facebook page (at

https://www.facebook.com/wacowfanpage/photos/10158091025591966/):



39.    A true and correct copy of screenshots of Defendant's website, webpage, and/or social media, displaying the copyrighted Work, is attached hereto as **Exhibit "F."**

40.    Defendant is not and has never been licensed to use, display, or distribute any of the Work. Defendant never contacted Plaintiff to seek permission to use the Work in connection with its website or for any other purpose.

41.    Defendant utilized the Work for commercial use – namely, in connection with the marketing and advertising of its software.

42.    Upon information and belief, Defendant located a copy of the Work on the internet and, rather than contact Plaintiff to secure a license, simply copied the Work for its own commercial use.

43.    Through its ongoing diligent efforts to identify unauthorized use of his photographs, Plaintiff discovered Defendant's unauthorized use/display of the Work in May 2022. Following Plaintiff's discovery, Plaintiff notified Defendant in writing of such unauthorized use.    To date, Plaintiff has been unable to negotiate a reasonable license for the past/existing infringement of the Work.

## COUNT I – COPYRIGHT INFRINGEMENT
### (The Levitt Photograph, DeWitt Photographs, Williams/Hirakawa Walking Dead Photographs, and Williams U.S. Soccer Photographs)

44.    Plaintiff re-alleges and incorporates paragraphs 1 through 43 as set forth above.

45.    Each   of   the   Levitt   Photograph,   DeWitt   Photographs, Williams/Hirakawa  Walking  Dead  Photographs,  and  Williams  U.S.  Soccer Photographs is an original work of authorship, embodying copyrightable subject matter, that is subject to the full protection of the United States copyright laws (17 U.S.C. § 101 *et seq.*).

46.    Each of the aforementioned photographers owns a valid copyright in the  photographs  comprising  the  Levitt  Photograph,  DeWitt  Photographs, Williams/Hirakawa  Walking  Dead  Photographs,  and  Williams  U.S.  Soccer Photographs for which such photographer is the author, having registered the Work with the Register of Copyrights.

47.    Plaintiff has standing to bring this lawsuit and assert the claim(s) herein as it has sufficient rights, title, and interest to such copyright (as Plaintiff serves as the exclusive licensing agent with respect to the Levitt Photograph, DeWitt  Photographs,  Williams/Hirakawa  Walking  Dead  Photographs,  and Williams U.S. Soccer Photographs).

48.    As a result of Plaintiff's reproduction, distribution, and public display of  each  of  the  photographs  comprising  the  Levitt  Photograph,  DeWitt Photographs, Williams/Hirakawa Walking Dead Photographs, and Williams U.S. Soccer Photographs, Defendant had access to the Levitt Photograph, DeWitt Photographs, Williams/Hirakawa Walking Dead Photographs, and Williams U.S.

Soccer Photographs prior to its own reproduction, distribution, and public display of the subject photographs on its website.

49.    Defendant reproduced, distributed, and publicly displayed each of the photographs comprising the Levitt Photograph, DeWitt Photographs, Williams/Hirakawa Walking Dead Photographs, and Williams U.S. Soccer Photographs without authorization from Plaintiff.

50.    By its actions, Defendant infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501, by reproducing, distributing, and publicly displaying each of the photographs comprising the Levitt Photograph, DeWitt Photographs, Williams/Hirakawa Walking Dead Photographs, and Williams U.S. Soccer Photographs for its own commercial purposes.

51.    Plaintiff has been damaged as a direct and proximate result of Defendant's infringement.

52.    Plaintiff is entitled to recover its actual damages resulting from Defendant's unauthorized use of the Levitt Photograph, DeWitt Photographs, Williams/Hirakawa Walking Dead Photographs, and Williams U.S. Soccer Photographs and, at Plaintiff's election (pursuant to 17 U.S.C. § 504(b), Plaintiff is entitled to recover damages based on a disgorgement of Defendant's profits from infringement of the Levitt Photograph, DeWitt Photographs,

Williams/Hirakawa Walking Dead Photographs, and Williams U.S. Soccer Photographs, which amounts shall be proven at trial.

53.

54. Defendant's conduct has caused, and any continued infringing conduct will continue to cause, irreparable injury to Plaintiff unless enjoined by the Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

a. A declaration that Defendant has infringed Plaintiff's copyrights in the Levitt Photograph, DeWitt Photographs, Williams/Hirakawa Walking Dead Photographs, and Williams U.S. Soccer Photographs;

b. An award of actual damages and disgorgement of profits as the Court deems proper;

c. Awarding Plaintiff its costs;

d. Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

e. Permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from directly or indirectly

infringing Plaintiff's copyrights or continuing to display, transfer, advertise, reproduce, or otherwise market any works derived or copied from the Levitt Photograph, DeWitt Photographs, Williams/Hirakawa Walking Dead Photographs, and Williams U.S. Soccer Photographs or to participate or assist in any such activity; and

f.   For such other relief as the Court deems just and proper.

## COUNT II – COPYRIGHT INFRINGEMENT
### (Seliger Photograph)

55.   Plaintiff re-alleges and incorporates paragraphs 1 through 43 as set forth above.

56.   The Seliger Photograph is an original work of authorship, embodying copyrightable subject matter, that is subject to the full protection of the United States copyright laws (17 U.S.C. § 101 *et seq.*).

57.   Mr. Seliger owns a valid copyright in the Seliger Photograph, having registered the Seliger Photograph with the Register of Copyrights.

58.   Plaintiff has standing to bring this lawsuit and assert the claim(s) herein as it has sufficient rights, title, and interest to such copyright (as Plaintiff serves as the exclusive licensing agent with respect to the Seliger Photograph).

59.   As a result of Plaintiff's reproduction, distribution, and public display of the Seliger Photograph, Defendant had access to the Seliger Photograph prior

to its own reproduction, distribution, and public display of the Seliger Photograph on its website.

60.    Defendant reproduced, distributed, and publicly displayed the Seliger Photograph without authorization from Plaintiff.

61.    By its actions, Defendant infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501, by reproducing, distributing, and publicly displaying the Seliger Photograph for its own commercial purposes.

62.    Defendant's infringement was willful as it acted with actual knowledge or reckless disregard for whether its conduct infringed upon Plaintiff's copyright.  Notably, Defendant itself utilizes a copyright disclaimer on its website © 哇靠!洛杉磯 2023"), indicating that Defendant understands the importance of copyright protection and intellectual property rights and is actually representing that it owns each of the photographs published on its website. Defendant clearly understands that professional photography such as the Work is generally paid for and cannot simply be copied from the internet.

63.    Plaintiff has been damaged as a direct and proximate result of Defendant's infringement.

64.    Plaintiff is entitled to recover its actual damages resulting from Defendant's unauthorized use of the Seliger Photograph and, at Plaintiff's

election (pursuant to 17 U.S.C. § 504(b), Plaintiff is entitled to recover damages based on a disgorgement of Defendant's profits from infringement of the Seliger Photograph, which amounts shall be proven at trial.

65. Defendant's conduct has caused, and any continued infringing conduct will continue to cause, irreparable injury to Plaintiff unless enjoined by the Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

g. A declaration that Defendant has infringed Plaintiff's copyrights in the Seliger Photograph;

h. A declaration that such infringement is willful;

i. An award of actual damages and disgorgement of profits as the Court deems proper or, at Plaintiff's election, an award of statutory damages for willful infringement up to $150,000.00 for each infringement of the Seliger Photograph;

j. Awarding Plaintiff his costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

k. Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

l.   Permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from directly or indirectly infringing Plaintiff's copyrights or continuing to display, transfer, advertise, reproduce, or otherwise market any works derived or copied from the Seliger Photograph or to participate or assist in any such activity; and

m. For such other relief as the Court deems just and proper.

### **Demand For Jury Trial**

Plaintiff demands a trial by jury on all issued so triable.

DATED: April 13, 2023.          **ALVES RADCLIFFE LLP**


By: /s/ Scott E. Radcliffe

            SCOTT E. RADCLIFFE
            Attorney for Plaintiff
            OTTO Archive, LLC